IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FREDERICK D. MAYS | § | |
| | § | |
| v. | § | C.A. NO. C-10-319 |
| | § | |
| KEITH ROY[1] | § | |

# MEMORANDUM AND RECOMMENDATION TO
# GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. (D.E. 1). On September 27, 2010, he filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. Id. Pending is Respondent's motion for summary judgment. (D.E. 13). Petitioner has not filed a response.[2] For the reasons stated herein, it is respectfully recommended that Respondent's motion for summary judgment be granted, and this habeas action be dismissed.

---

[1] As the warden of the Federal Correctional Institution in Three Rivers, Texas, Keith Roy has custody of Petitioner and is the proper respondent regarding this habeas corpus petition. Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 494-95 (1973) (citing Wales v. Whitney, 114 U.S. 564, 574 (1885)); Mounce v. Knighten, 503 F.2d 967, 969 (5th Cir. 1974) (per curiam); West v. Louisiana, 478 F.2d 1026, 1029 n.1 (5th Cir. 1973), vacated in part on other grounds by 510 F.2d 363 (5th Cir. 1975) (en banc) (per curiam).

[2] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

## I. JURISDICTION

Section 2241 petitions must be filed in the district wherein the prisoner is incarcerated. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Petitioner is incarcerated in Live Oak County, Texas, and jurisdiction is therefore proper in this Court. 28 U.S.C. § 124(b)(6).

## II. BACKGROUND

On April 11, 2005, Petitioner was arrested in Meridian, Mississippi, which is in Lauderdale County, and charged with selling cocaine and methamphetamine in violation of state law. (D.E. 13-1, at 6, 8). From that date until June 13, 2005, he was in the custody of the Lauderdale County Sheriff's Department. Id. at 6. On June 13, 2005, Petitioner was released from state control into the custody of the United States Marshals pursuant to a writ of habeas corpus ad prosequendum. Id. While in the Marshals' custody, he was confined at the Madison County Detention Center. Id. at 6, 9. On August 10, 2005, while still in the Marshals' custody, Petitioner was sentenced to ten years in state prison for selling cocaine and methamphetamine. Id. at 11.

After entering a guilty plea in the United States District Court for the Southern District of Mississippi, Petitioner was sentenced on March 3, 2006 to seventy-four months in prison for conspiracy to distribute marijuana in violation of

21 U.S.C. § 846. Id. at 14. The court ordered the federal sentence to run consecutive to the state sentence. Id. at 15.

On April 7, 2006, Petitioner was transferred to Mississippi state prison. Id. at 9. He was released on parole from state incarceration on July 9, 2009 and moved to the Federal Bureau of Prisons ("BOP") to serve his federal sentence. Id. at 9, 11, 22, 23, 25. Regarding his state sentence, Mississippi credited Petitioner for the time he served in the Marshals' custody while at the Madison County Detention Center. Id. at 11.

On January 4, 2010, the BOP denied Petitioner's request for an informal resolution to his sentencing complaint. (D.E. 1, at 8).[3] The responding officer explained that the time at the state facility had been credited to his state sentence, and therefore could not reduce his federal sentence as well. Id. On January 26, 2010, Petitioner inquired with the BOP as to the disposition of a second form complaining about the sentencing issue, and an official responded that there was no record of it. Id. at 9. He filed another form on February 10, 2010, reiterating his complaint and claiming that he had exhausted all administrative remedies. Id. at 10.

---

[3] The Informal Resolution Form is dated as reviewed January 4, 2009, but the year seemingly should be 2010 based on its receipt date of December 29, 2009. (D.E. 1, at 8).

### III.  PETITIONER'S ALLEGATIONS

Petitioner contends that he has been improperly denied approximately ten months credit off his federal prison sentence for time he served under federal custody at a state facility.  Id. at 3.  He believes that he is owed the period that elapsed between June 13, 2005, the day he was released to the Marshals pursuant to the writ, through April 7, 2006, the day he was transferred back to Mississippi's exclusive control to serve his state sentence.  Id.

### IV.  DISCUSSION

Respondent moves for summary judgment on the ground that Petitioner failed to exhaust his administrative remedies, or, in the alternative, because his federal sentence was properly calculated.  (D.E. 13).

**A.    Respondent's Motion To Expand The Record Should Be Granted.**

Rule 7 of the Rules Governing § 2254 Cases allows for a party in a habeas case to expand the record with "additional materials relating to the petition" as long as "the party against whom the additional materials are offered" is given "an opportunity to admit or deny their correctness."  A court may apply this rule to § 2241 cases as well.  Rule 1(b) of the Rules Governing § 2254 Cases; see also Ortloff v. Fleming, 88 F. App'x 715, 717 (5th Cir. 2004) (per curiam) (unpublished) (applying Rule 6 of the Rules Governing § 2254 to a § 2241 case);

Aguayo v. Harvey, 476 F.3d 971, 976 (D.C. Cir. 2007) (applying Rule 7 to a § 2241 case).

Here, Respondent has moved that the record be expanded to include a declaration by Kinda Flagg. (D.E. 13, at 2). Ms. Flagg, through her position at the BOP, has access to prison records, and has attached several documents regarding Petitioner's sentence calculations. Id. at 5-32. These records relate directly to the petition. Moreover, Petitioner received the documents as attachments to Respondent's answer and motion for summary judgment, (D.E. 12, 13), but did not file any response disputing their contents or authenticity.

Accordingly, it is respectfully recommended that Respondent's motion to expand the record be granted.

**B.     The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted). Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451

(5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Hous., 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential

to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**C.    Petitioner Did Not Exhaust His Administrative Remedies.**

The Fifth Circuit has held that before a federal prisoner may file a § 2241 petition for habeas corpus, he "'must first exhaust his administrative remedies through the [BOP].'" Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citing United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990)). Failure to exhaust those remedies properly can lead to dismissal of a § 2241 petition. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Id. (citation omitted). Such exceptions apply only in "extraordinary circumstances" and the burden lies on a petitioner to establish them. Id. (citations omitted).

The BOP uses a three-level administrative remedy process by which prisoners can seek review of any aspect of incarceration. See 28 C.F.R. § 542.10 et seq.; see also Shah v. Quinlin, 901 F.2d 1241, 1243 (5th Cir. 1990) (discussing BOP administrative remedy procedures). First, the inmate must present the

7

complaint informally on a Form BP-8 to a staff member at the facility where he is housed. See 28 C.F.R. § 542.14(a). If the dispute cannot be resolved informally, the prisoner may initiate the formal three-tiered administrative process by filing a Form BP-9 complaint with the warden within twenty days of the incident. Id. If unsatisfied with the warden's response, he has twenty days to file an appeal with the regional director on a Form BP-10. 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the regional director's decision, he may file an appeal on a Form BP-11 to the General Counsel within thirty days. Id. Appeal to the General Counsel is the final administrative appeal. Id. These deadlines may be extended when the inmate demonstrates a valid reason for delay. Id.

Here, Respondent asserts that Petitioner filed two complaints at the first stage of the administrative process, but failed to appeal either denial. (D.E. 13, at 5). Petitioner has submitted three forms that he filed with the BOP regarding his complaint. (D.E. 1, at 8-10). The first is a request for an informal remedy. Id. at 8. The second is an inquiry into the status of a separate form supposedly filed to pursue the matter. Id. at 9. The third is a document informing the BOP that he believed he had exhausted his administrative remedies. Id. at 10.

The record strongly suggests that Petitioner made a genuine effort to exhaust his administrative remedies. Indeed, he even wrote to his sentencing court in a

misguided attempt to pursue administrative action.  Id. at 5-7.  Unfortunately, however, neither Petitioner's good intentions nor his confusion over the administrative process save his petition from dismissal for failure to exhaust.  See Conwell v. Bureau of Prisons, No. 93-2684, 1994 WL 684766, at *2 (5th Cir. Nov. 22, 1994) (per curiam) (unpublished) (no exhaustion or extraordinary circumstances where inmate wrote "multiple letters and memos" construed as "informal complaints ... satisfying only the 'informal resolution' tier of the BOP's Administrative Remedy Procedure").  Petitioner has not contested Respondent's description of the BOP's records, nor has he volunteered any explanation for his failure to pursue the formal administrative process through to completion.  A review of the record does not reveal any extraordinary circumstances to justify the failure.

Accordingly, it is respectfully recommended that the petition be dismissed for failure to exhaust administrative remedies.

### D.  Petitioner's Claim Lacks Merit.

Respondent argues in the alternative that Petitioner's application for habeas corpus relief should be denied on the merits.  (D.E. 13, at 6-12).  He contends that Petitioner's sentence was properly calculated and executed.  Id. at 11-12.  In particular, Respondent asserts that Petitioner was given credit for the requested

9

time off his state sentence and therefore cannot also receive credit toward his federal sentence pursuant to federal law. Id. at 11.

District courts lack authority to credit inmates for time already served or to otherwise administer their sentences. That authority rests instead with the United States Attorney General, who has in turn delegated it to the BOP. United States v. Wilson, 503 U.S. 329, 335 (1992). BOP decisions pertaining to sentence calculations are reviewed by the courts for abuse of discretion. Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990); McCarthy v. Doe, 146 F.3d 118, 123 n.4 (2d Cir. 1998).

Congress has mandated that in certain circumstances a federal sentence should be credited for time already served in state custody:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the

>   defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. However, a petitioner is not entitled to credit on his federal sentence if the time at issue was credited to his state sentence. See Leal v. Tombone, 341 F.3d 427, 430 (5th Cir. 2003) (per curiam) ("Because the nine months [petitioner] spent in state custody ... were 'credited against another sentence,' the BOP was not required to credit that time toward his federal sentence.") (quoting 18 U.S.C. § 3585(b)).

For the entirety of Petitioner's time in custody from June 13, 2005, the day he was released to the Marshals pursuant to the writ, through April 7, 2006, the day he entered the Mississippi state prison system, he was in the primary custody of the state of Mississippi. He began that period in Mississippi state custody, and while he did spend time in United States Marshal custody during that time, it was pursuant to a writ of habeas corpus ad prosequendum. Custody such as that does not relinquish a defendant from another sovereign's primary jurisdiction. Richardson v. Outlaw, 274 F. App'x 353, 353 (5th Cir. 2008) (per curiam) (unpublished). Rather, habeas corpus ad prosequendum acts only as "a 'loan' of the prisoner" to another sovereign without transferring primary custody. Id. (citing Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980)). It was, therefore, not until

11

Petitioner was transferred to a federal facility on July 9, 2009 that the BOP took primary custody of Petitioner and he could begin serving his federal sentence. See 18 U.S.C. § 3585(a).

Furthermore, the BOP correctly refrained from crediting Petitioner's federal sentence with time he spent in custody from June 13, 2005 through April 7, 2006 because this time was already credited toward his state sentence. Pursuant to § 3585(b), this time cannot be credited toward his federal sentence. See Leal, 341 F.3d at 429-30. Petitioner's sole contention is that he should not have been denied credit for this period. Because the BOP calculated his sentence properly, and was compelled by law to grant him no reduction for the period, there was no abuse of discretion and the petition must be denied.

Accordingly, it is respectfully recommended in the alternative that if the Court finds Petitioner to have exhausted his administrative remedies, that it also finds that his claim is without merit.

## V.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 13), be granted and that the petition be dismissed.

Respectfully submitted this 18th day of February 2011.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).